UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| **TEMPCO ELECTRIC HEATER CORPORATION**, a Illinois corporation, | ) ) ) ) |  |
| Plaintiff, | ) ) | USDC Case No. 1:08-cv-02870 |
| vs. | ) ) ) | HON. MILTON I. SHADUR MAG. JUDGE ARLANDER KEYS |
| **J. L. BECKER CO., INC.,** d/b/a **J. L. BECKER COMPANY,** a Michigan corporation, | ) ) ) ) | |
| Defendant. | ) | |

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

**NOW COMES** Defendant J.L. BECKER CO., INC., through its attorneys, and in answer to the Complaint states:

### NATURE OF ACTION

1.    Answering ¶1, Defendant denies that it failed to provide an annealing furnace conforming to the specifications of any agreement between the parties, that it failed to cure any alleged non-conforming defects, or that it has otherwise breached any warranties or contractual provisions.

### THE PARTIES

2.    Defendant lacks sufficient knowledge to affirm or deny the allegations of ¶2, and leaves Plaintiff to its proofs.

3.    Defendant admits the allegations of ¶3.

## JURISDICTION AND VENUE

4.    Answering ¶4, Defendant states that it does not dispute the jurisdiction of this Court.

5.    Answering ¶5, Defendant states that it does not dispute the jurisdiction of this Court over the Defendant.

6.    Answering ¶6, Defendant states that it does not dispute that venue may be had in this judicial district.  However, Defendant has filed a Motion for Change of Venue, thus this matter is more appropriately heard in the United States District Court for the Eastern District of Michigan.

## GENERAL ALLEGATIONS

7.    Defendant lacks sufficient knowledge to affirm or deny the allegations of ¶7, and leaves Plaintiff to its proofs.

8.    Defendant lacks sufficient knowledge to affirm or deny the allegations of ¶8, and leaves Plaintiff to its proofs.

9.    Defendant lacks sufficient knowledge to affirm or deny the allegations of ¶9, and leaves Plaintiff to its proofs.

10.    Defendant lacks sufficient knowledge to affirm or deny the allegations of ¶10, and leaves Plaintiff to its proofs.

11.     Defendant lacks sufficient knowledge to affirm or deny the allegations of ¶11, and leaves Plaintiff to its proofs.

12.     Answering ¶12, Defendant states only that an annealing furnace is a specific type of furnace used in industry for various purposes and with various features, and which are incompletely described in ¶12 of the Complaint.

13.     Answering ¶13, Defendant states only that the annealing process is the process used in industrial manufacturing for various purposes and in various fashions, and which is incompletely described in ¶13 of the Complaint.

14.     Defendant lacks sufficient knowledge to affirm or deny the allegations of ¶14, and leaves Plaintiff to its proofs.

15.     Defendant lacks sufficient knowledge to affirm or deny the allegations of ¶15, and leaves Plaintiff to its proofs.

16.     Defendant lacks sufficient knowledge to affirm or deny the allegations of ¶16, and leaves Plaintiff to its proofs.

17.     Defendant lacks sufficient knowledge to affirm or deny the allegations of ¶17, and leaves Plaintiff to its proofs.

18.     Defendant lacks sufficient knowledge to affirm or deny the allegations of ¶18, and leaves Plaintiff to its proofs.

19.     Answering ¶19, Defendant states only that Exhibit A is a written document, the terms of which speak for themselves.

20.     Answering ¶20, Defendant states only that Exhibit B is a written document, the terms of which speak for themselves.

21.     Defendant lacks sufficient knowledge to affirm or deny the allegations of ¶21, and leaves Plaintiff to its proofs.

22.     Answering ¶22, Defendant states only that one possible purchase price of the Furnace at issue was $362,900.00.

23.     Answering ¶23, Defendant states that the Proposal and Purchase Contract between the parties is a written document, the terms of which speak for themselves.

24.     Answering ¶24, Defendant states that the Purchase Contract between the parties is a written document, the terms of which speak for themselves.

25.     Defendant admits ¶25.

26.     Answering ¶26, Defendant states that any and all obligations owed by Defendant to Plaintiff are set forth in the written Agreements between the parties, which speak for themselves.

27.     Answering ¶27, Defendant states that Plaintiff approved the materials and components used in the Furnace.

28.     Defendant lacks sufficient knowledge to affirm or deny the allegations of ¶28, and leaves Plaintiff to its proofs.

29.     Defendant denies the allegations of ¶29 because they are untrue.

30.     Defendant denies the allegations of ¶30 because they are untrue.

31.     Defendant denies the allegations of ¶31 because they are untrue.

32.     Defendant denies the allegations of ¶32 because they are untrue.

33.     Defendant denies the allegations of ¶33 because they are untrue.

34.    Answering ¶34, Defendant admits only that Plaintiff provided written notification of certain alleged defects of Furnace.  The notifications are in writing, which speak for themselves.

35.    Answering ¶35, Defendant admits only that it provided additional services to Plaintiff to address Plaintiff's complaints and concerns regarding the performance of the Furnace, and that it did make any necessary corrections when allowed to do so.

36.    Answering ¶36, Defendant admits only that it provided additional services to Plaintiff to address Plaintiff's complaints and concerns regarding the performance of the Furnace, and that it did make any necessary corrections when allowed to do so.

37.    Answering ¶37, Defendant admits only that it provided additional services to Plaintiff to address Plaintiff's complaints and concerns regarding the performance of the Furnace, and that it did make any necessary corrections when allowed to do so.

38.    Answering ¶38, Defendant states only that Exhibit C is a written document, the terms of which speak for themselves.

39.    Defendant denies the allegations of ¶39 because they are untrue.

40.    Answering ¶40, Defendant states that Exhibit D is a written document, the terms of which speak for themselves.

41.    Answering ¶41, Defendant states that its communications to Plaintiff concerning the refrigerant dryer are set forth in writing and attached to the Complaint as Exhibit D, and that the terms of the communications speak for themselves.

42.    Answering ¶42, Defendant states only that Exhibit E is a writing, the terms of which speak for themselves.

-5-

43.    Answering ¶43, Defendant states only that Exhibit E is a writing, the terms of which speak for themselves.

44.    Defendant lacks sufficient knowledge to affirm or deny the allegations of ¶44, and leaves Plaintiff to its proofs.

45.    Answering ¶45, Defendant states only that Plaintiff's communications to Defendant were in a writing and are attached to the Complaint as Exhibit F, and that the terms of said writings speak for themselves.

46.    Answering ¶46, Defendant states only that Exhibit F is a writing, the terms of which speak for themselves.

47.    Based on information and belief, the Defendant admits the allegations of ¶47.

48.    Based on information and belief, the Defendant admits the allegations of ¶48.

49.    Defendant lacks sufficient knowledge to affirm or deny the allegations of ¶49, and leaves Plaintiff to its proofs.

50.    Answering ¶50, Defendant denies that there was a non-conforming defect with the Furnace.

51.    Defendant lacks sufficient knowledge to affirm or deny the allegations of ¶51, and leaves Plaintiff to its proofs.

52.    Defendant lacks sufficient knowledge to affirm or deny the allegations of ¶52, and leaves Plaintiff to its proofs.

53.    Defendant lacks sufficient knowledge to affirm or deny the allegations of ¶53, and leaves Plaintiff to its proofs.

54.    Defendant lacks sufficient knowledge to affirm or deny the allegations of ¶54, and leaves Plaintiff to its proofs.

55.    Answering ¶55, Defendant denies the allegation that its design and installation of the drip leg constituted a safety hazard or a non-conforming defect.

56.    Answering ¶56, Defendant states only that any notification from Plaintiff to Defendant was in writing, which is attached to the Complaint as Exhibit G, and the terms of which speak for themselves.

57.    Answering ¶57, Defendant states only that Exhibit G is a written document, the terms of which speak for themselves.

58.    Answering ¶58, Defendant admits only that it sent three of its employees to Plaintiff's Illinois facility on or about March 13, 2008 to perform additional services to address complaints raised by Plaintiff.    Defendant denies that there were actual non-conforming defects in the Furnace it had provided.

59.    Defendant denies the allegations of ¶59 because they are untrue.

60.    Defendant denies the allegations of ¶60 because they are untrue.

61.    Defendant lacks sufficient knowledge to affirm or deny the allegations of ¶61, and leaves Plaintiff to its proofs.

62.    Defendant lacks sufficient knowledge to affirm or deny the allegations of ¶62, and leaves Plaintiff to its proofs.

63. Defendant lacks sufficient knowledge to affirm or deny the allegations of ¶63, and leaves Plaintiff to its proofs.

64. Defendant lacks sufficient knowledge to affirm or deny the allegations of ¶64, and leaves Plaintiff to its proofs.

65. Answering ¶65, Defendant states only that Plaintiff's communication to Defendant on or about April 11, 2008 was a writing which is attached as Exhibit H to the Complaint, and the terms of which speak for themselves.

66. Defendant denies the allegations of ¶66 because they are untrue.

67. Defendant denies the allegations of ¶67 because they are untrue.

68. Defendant denies the allegations of ¶68 because they are untrue.

69. Defendant lacks sufficient knowledge to affirm or deny the allegations of ¶69, and leaves Plaintiff to its proofs.

70. Answering ¶70, Defendant states only that Exhibit H is a writing, the terms of which speak for themselves.

71. Defendant admits ¶71.

72. Answering ¶72, Defendant states only that Exhibit I is a writing, the terms of which speak for themselves.

73. Defendant admits ¶73.

74. Answering ¶74, Defendant states only that the Purchase Contract is a written document, the terms of which speak for themselves.

75. Answering ¶75, Defendant states only that the Purchase Contract is a written document, the terms of which speak for themselves.

76.    Defendant denies the allegations of ¶76 because they are untrue.

77.    Defendant denies the allegations of ¶77 because they are untrue.

78.    Defendant denies the allegations of ¶78 because they are untrue.

79.    Defendant denies the allegations of ¶79 because they are untrue.

80.    Defendant states that ¶80 requires no response from the Defendant.

81.    Defendant states that ¶81 contains an asserted conclusion of law and requires no response from this Defendant.

82.    Defendant states that ¶82 contains an asserted conclusion of law and requires no response from this Defendant.

83.    Defendant states that ¶83 contains an asserted conclusion of law and requires no response from this Defendant.

84.    Defendant states that ¶84 contains an asserted conclusion of law and requires no response from this Defendant.

## COUNT I
## REVOCATION OF ACCEPTANCE
### (810 ILCS 5/2-608)

85.    Defendant incorporates by reference its answers to ¶1 through ¶84 of the Complaint.

86.    Answering ¶86, Defendant denies that there were any non-conforming defects in the Furnace.

87.    Answering ¶87, Defendant states that it lacks sufficient knowledge to affirm or deny the allegations concerning Plaintiff's assumptions, and leaves Plaintiff to its proofs.

88.    Defendant denies the allegations of ¶88 because they are untrue.

89.    Defendant denies the allegations of ¶89 because they are untrue.

90.    Answering ¶90, Defendant states that Exhibit H and Exhibit I are written documents, the terms of which speak for themselves.  Answering further, Defendant denies the existence of defects and/or non-conformities in the Furnace.

91.    Defendant admits ¶91.

92.    Answering ¶92, Defendant admits that it has refused to accept return of the Furnace or to pay Plaintiff any part of the sum equal to the monies Plaintiff paid toward the purchase price of the Furnace, but denies the remaining allegations.

**WHEREFORE,** Defendant asks the Court to dismiss the Complaint in this matter in its entirety, and grant such other relief as the Court deems just and proper.

### COUNT II
### BREACH OF CONTRACT
### (Failure To Provide The Furnace Free From Defects
### Which Renders It Inefficient For Its Intended Purpose)

93.    Defendant incorporates by reference its answers to ¶1 through ¶84 of the Complaint.

94.    Answering ¶94, Defendant states that the Purchase Contract is a written document, the terms of which speak for themselves.

95.    Defendant denies the allegations of ¶95 because they are untrue.

96.    Defendant denies the allegations of ¶96 because they are untrue.

97.    Defendant denies the allegations of ¶97 because they are untrue.

**WHEREFORE,** Defendant asks the Court to dismiss the Complaint in this matter in its entirety, and grant such other relief as the Court deems just and proper.

## COUNT III
## BREACH OF CONTRACT
### (Failure To Start Up And Debug The Furnace)

98.    Defendant incorporates by reference its answers to ¶1 through ¶84 of the Complaint.

99.    Answering ¶99, Defendant states that any alleged warranties are set forth in the Purchase Contract, which is a written document, the terms of which speak for themselves.

100.    Defendant denies the allegations of ¶100 because they are untrue.

101.    Defendant denies the allegations of ¶101 because they are untrue.

102.    Defendant denies the allegations of ¶102 because they are untrue.

**WHEREFORE,** Defendant asks the Court to dismiss the Complaint in this matter in its entirety, and grant such other relief as the Court deems just and proper.

## COUNT IV
## BREACH OF CONTRACT
### (Failure To Provide A Refrigerant Dryer Capable Of Cooling 4000 CFH Of Inlet Exothermic Gas To A Dew Point Of Approximately 40° F To 50° F)

103.    Defendant incorporates by reference its answers to ¶1 through ¶84 of the Complaint.

104.    Answering ¶104, Defendant states that any alleged warranties are set forth in the Purchase Contract, which is a written document, the terms of which speak for themselves.

-11-

105.   Defendant denies the allegations of ¶105 because they are untrue.

106.   Defendant denies the allegations of ¶106 because they are untrue.

107.   Defendant denies the allegations of ¶107 because they are untrue.

**WHEREFORE,** Defendant asks the Court to dismiss the Complaint in this matter in its entirety, and grant such other relief as the Court deems just and proper.

**COUNT V**
**BREACH OF CONTRACT**
**(Failure To Provide A Furnace In Compliance With All Applicable Laws)**

108.   Defendant incorporates by reference its answers to ¶1 through ¶84 of the Complaint.

109.   Answering ¶109, Defendant states that any alleged warranties are set forth in the Purchase Contract, which is a written document, the terms of which speak for themselves.

110.   Defendant denies the allegations of ¶110 because they are untrue.

111.   Defendant denies the allegations of ¶111 because they are untrue.

112.   Defendant denies the allegations of ¶112 because they are untrue.

113.   Defendant denies the allegations of ¶113 because they are untrue.

114.   Defendant denies the allegations of ¶114 because they are untrue.

115.   Defendant denies the allegations of ¶115 because they are untrue.

116.   Defendant denies the allegations of ¶116 because they are untrue.

**WHEREFORE,** Defendant asks the Court to dismiss the Complaint in this matter in its entirety, and grant such other relief as the Court deems just and proper.

## COUNT VI
## BREACH OF IMPLIED WARRANTY
### (Fitness For A Particular Purpose)

117.    Defendant incorporates by reference its answers to ¶1 through ¶84 of the Complaint.

118.    Answering ¶118, Defendant states that any alleged warranties are set forth in the Purchase Contract, which is a written document, the terms of which speak for themselves.

119.    Defendant denies the allegations of ¶119 because they are untrue.

120.    Defendant denies the allegations of ¶120 because they are untrue.

121.    Defendant denies the allegations of ¶121 because they are untrue.

122.    Defendant denies the allegations of ¶122 because they are untrue.

**WHEREFORE,** Defendant asks the Court to dismiss the Complaint in this matter in its entirety, and grant such other relief as the Court deems just and proper.

## COUNT VII
### (Alternative To Count I)
## BREACH OF CONTRACT – CONTRACTUAL RESCISSION

123.    Defendant incorporates by reference its answers to ¶1 through ¶84 of the Complaint.

124.    Answering ¶124, Defendant states only that the Purchase Contract is a written document, the terms of which speak for themselves.

125.    Answering ¶125, Defendant states only that Exhibit B attached to the Complaint is a written document, the terms of which speak for themselves.

126.    Defendant denies the allegations of ¶126 because they are untrue.

127.    Defendant denies the allegations of ¶127 because they are untrue.

128.    Defendant denies the allegations of ¶128 because they are untrue.

129.    Defendant denies the allegations of ¶129 because they are untrue.

130.    Defendant admits ¶130.

131.    Defendant denies the allegations of ¶131 because they are untrue.

**WHEREFORE,** Defendant asks the Court to dismiss the Complaint in this matter in its entirety, and grant such other relief as the Court deems just and proper.

**COUNT VIII**
**UNJUST ENRICHMENT**

132.    Defendant incorporates by reference its answers to ¶1 through ¶84 of the Complaint.

133.    Defendant admits ¶133.

134.    Defendant denies the allegations of ¶134 because they are untrue.

135.    Defendant denies the allegations of ¶135 because they are untrue.

**WHEREFORE,** Defendant asks the Court to dismiss the Complaint in this matter in its entirety, and grant such other relief as the Court deems just and proper.

**AFFIRMATIVE DEFENSES**

**NOW COMES** Defendant J.L. BECKER CO., INC., through its attorneys, and states the following as its Affirmative Defenses:

1.    Plaintiff has failed to state a claim upon which relief can be granted.

2.    Plaintiff has failed to mitigate its damages, entitlement to which is denied.

3.    Plaintiff is not entitled to consequential damages.

4.    Plaintiff did not provide Defendant with a reasonable opportunity to cure.

5.    Plaintiff is not entitled to incidental damages.

6.    Defendant constructed the Furnace in accordance with the specifications provided by Plaintiff.

7.    Plaintiff's damages, if any, are caused by its own negligent or wrongful acts.

8.    Defendant reserves the right to add additional Affirmative Defenses as they become known throughout the course of this proceeding.

Defendant
**J.L. BECKER CO., INC.**
**d/b/a J.L. BECKER COMPANY**

/s/ Kelli A. Fitzgerald
KELLI A. FITZGERALD (ARDC #06292812)
Holland & Knight, LLP
Local Counsel for Defendant
131 South Dearborn Street - 30th Floor
Chicago, Illinois 60603
Phone:      (312) 263-3600
Fax:         (312) 578-6666
Email:      kelli.fitzgerald@hklaw.com

ANDREW T. BARAN (P31883)
Giarmarco, Mullins & Horton, P.C.
Attorneys for Defendant
Tenth Floor Columbia Center
101 West Big Beaver Road
Troy, Michigan  48084-5280
Phone:      (248) 457-7000
Fax:         (248) 457-7001
E-mail:     abaran@gmhlaw.com

DATE:  July 9, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

JOSEPH E. GUMINA (ARDC #6238512)
ANN M. MAHER
**WHYTE HIRSCHBOECK DUDEK, S.C.**
Attorneys for Plaintiff
555 East Wells Street, Suite 1900
Milwaukee, Wisconsin 53202
Phone: (414) 978-5326
Fax:    (414) 223-5000
jgumina@whdlaw.com

/s/ Kelli A. Fitzgerald
KELLI A. FITZGERALD (ARDC #06292812)
Holland & Knight, LLP
Local Counsel for Defendant
131 South Dearborn Street - 30th Floor
Chicago, Illinois 60603
Phone:          (312) 263-3600
Fax:            (312) 578-6666
Email:          kelli.fitzgerald@hklaw.com

# 5464621_v1

-16-