UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **TEMPCO ELECTRIC HEATER CORPORATION**, a Illinois corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**J. L. BECKER CO., INC.**,<br>d/b/a **J. L. BECKER COMPANY**,<br>a Michigan corporation,<br><br>Defendant. | USDC Case No. 1:08-cv-02870<br>HON. MILTON I. SHADUR<br>MAG. JUDGE ARLANDER KEYS |

## BRIEF IN SUPPORT OF
## DEFENDANT'S MOTION FOR CHANGE OF VENUE

### INTRODUCTION

This is a warranty action in which Plaintiff makes claims and allegations that are identical to those made in response to an action filed against it by Defendant in state court in Michigan ("the Michigan action"). Plaintiff subsequently removed the Michigan action to the Eastern District of Michigan.

Transfer of this action to the Eastern District of Michigan is appropriate. It could have been filed there, since Defendant is a resident of that district. Plaintiff has already asserted claims in that district that are precisely the same as those raised in this action. This action should be transferred there to eliminate the risk of inconsistent rulings on the same claims; to avoid the waste of time, energy, and money associated with litigating essentially the same lawsuit in two different districts; and out of deference for

Defendant's forum choice.

## LAW AND ARGUMENT

Motions to transfer venue are governed by 28 USC §1404(a), which states that:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer a civil action to any other district or division where it might have been brought.

Here, this action could have originally been brought in the Eastern District of Michigan. That district has diversity jurisdiction pursuant to 28 U.S.C. §1332 and has personal jurisdiction over Defendant. Venue is proper there, as Defendant is a resident of that district. 28 USC §1391(a).

With this threshold met, this Court has wide discretion to transfer this action "in light of all the circumstances of the case." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). *See also Kinney v. Anchorlock Corp*, 736 F. Supp. 818, 827-828 (N.D. Ill. 1990); *Trademasters Int'l, Inc v. Borer*, 687 F. Supp. 434, 435 (N.D. Ill. 1988). Courts are to consider the statutory factors – convenience of the parties and witnesses and the interest of justice – as well as "a broader set of considerations, the contours of which turn upon the particular facts of each case." *Coffey*, 796 F.2d at 220 n3.

With respect to the convenience of the parties, a plaintiff's forum choice does not "conclusively preclude transfer." *Trademasters Int'l*, 687 F. Supp. at 435. Indeed, Defendant is actually the party that filed first – it filed the Michigan action prior to this action. Having asserted counter-claims in the Michigan action that are identical to the claims made in this action, it cannot be said that it is somehow inconvenient for Plaintiff

to litigate this action in Michigan – it has essentially already consented to doing so. Indeed, all evidence and witnesses in this action will, therefore, be the same as in the Michigan action.

On the other hand, it is vastly more convenient for Defendant to litigate this action in Michigan. All of its employees are located in Michigan. **Exhibit A**, Declaration of John L. Becker, II at ¶3. A key witness in this action is Defendant's principal, John L. Becker, who resides in Michigan. *Id.* at ¶1. The manufacturing process and equipment used to make the furnace at issue in this case is basically immobile, since it is located inside Defendant's manufacturing facility and is used to manufacture other equipment. *Id.* at ¶3. The furnace itself, however, having already been shipped to Plaintiff, is mobile.

As for the "interest of justice" factor, "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404 (a) was designed to prevent." *American Home Products Corp v. Johnson & Johnson*, 668 F. Supp. 446, 449 (E.D. Pa. 1987) (citing *Continental Grain Co v. The Barge FBL-585*, 364 U.S. 19, 26 (1960)).

Importantly, Defendant's Motion seeks not to simply shift the inconvenience of litigating this case out of state from Defendant to Plaintiff. Instead, Defendant's Motion seeks to have one court hear two pieces of litigation, the outcomes of which should be the same since the allegations and the claims are the same, in a venue that is most convenient for all involved. Defendant filed first in the Eastern District of Michigan and

this action should be transferred there. To eliminate the risk of inconsistent rulings on the same claims; to avoid the waste of time, energy, and money associated with litigating essentially the same lawsuit in two different districts; and out of deference for Defendant's forum choice; this action should be transferred to the Eastern District of Michigan.

        Defendant
        **J.L. BECKER CO., INC.**
        **d/b/a J.L. BECKER COMPANY**

        /s/ Kelli A. Fitzgerald
        KELLI A. FITZGERALD (ARDC #06292812)
        Holland & Knight, LLP
        Local Counsel for Defendant
        131 South Dearborn Street - 30th Floor
        Chicago, Illinois 60603
        Phone:    (312) 263-3600
        Fax:    (312) 578-6666
        Email:    kelli.fitzgerald@hklaw.com

        ANDREW T. BARAN (P31883)
        Giarmarco, Mullins & Horton, P.C.
        Attorneys for Defendant
        Tenth Floor Columbia Center
        101 West Big Beaver Road
        Troy, Michigan 48084-5280
        Phone:    (248) 457-7000
        Fax:    (248) 457-7001
        E-mail:    abaran@gmhlaw.com

DATE: July 9, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

>JOSEPH E. GUMINA (ARDC #6238512)
>ANN M. MAHER
>**WHYTE HIRSCHBOECK DUDEK, S.C.**
>Attorneys for Plaintiff
>555 East Wells Street, Suite 1900
>Milwaukee, Wisconsin 53202
>Phone:  (414) 978-5326
>Fax:       (414) 223-5000
>jgumina@whdlaw.com

>/s/ Kelli A. Fitzgerald
>KELLI A. FITZGERALD (ARDC #06292812)
>Holland & Knight, LLP
>Local Counsel for Defendant
>131 South Dearborn Street - 30th Floor
>Chicago, Illinois 60603
>Phone:     (312) 263-3600
>Fax:         (312) 578-6666
>Email:      kelli.fitzgerald@hklaw.com

# 5464668_v1

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **TEMPCO ELECTRIC HEATER CORPORATION,** a foreign corporation, <br><br> Plaintiff, <br><br> vs. <br><br> **J. L. BECKER CO., INC.,** d/b/a J. L. BECKER COMPANY, a Michigan corporation, <br><br> Defendant. | Case No. 1:08-cv-02870 <br> HON. MILTON I. SHADUR <br> MAG. JUDGE ARLANDER KEYS |

## DECLARATION OF JOHN L. BECKER, II

**JOHN L. BECKER, II** deposes and says:

1. I am the President and resident agent of J.L. Becker Co., Inc., the Defendant in this case ("Becker"). I reside in Michigan. If called as a witness to testify, I can competently testify to the facts contained in this affidavit.

2. Becker is in the business of manufacturing heat treating equipment and is located in Plymouth, Michigan.

3. All of Becker's personnel and manufacturing equipment is located in Plymouth, Michigan.

4. On or about January 26, 2007, Becker entered into a purchase contract with Plaintiff for the purchase of one 26" Mesh Belt Furnace System, one Exothermic Generator, one

Refrigerant Dryer, one Closed Loop Water System, and one Mezzanine (the "Equipment"). The purchase price for the Equipment was $362,900.

5. The parties' contract was negotiated and finalized in Michigan.

6. Becker manufactured the Equipment at its facility in Plymouth, Michigan, and delivered and installed it in September and October 2007.

7. The employees involved in the manufacture and installation of this equipment work out of Becker's Plymouth facility. The Equipment meets all specifications contained within the parties' agreement.

8. To date, Plaintiffs have failed to pay Becker $72,500 of the purchase price.

9. Based on this failure and for no other reason, I, on Becker's behalf, authorized the filing of a lawsuit in state court in Michigan for Plaintiff's non-payment.

I HEREBY DECLARE UNDER THE PENALTY OF PERJURY THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

WITNESS

JOHN L. BECKER, II

Dated: 07-08-2008