```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

TEMPCO ELECTRIC HEATER           )
CORPORATION,                     )
                                 )
     Plaintiff/Counterdefendant, )
                                 )
     v.                          )    No.  08 C 2870
                                 )
J.L. BECKER CO., INC., etc.,     )
                                 )
     Defendant/Counterplaintiff. )
```

                       MEMORANDUM ORDER

    This Court has just received from counsel for J.L. Becker Co., Inc. d/b/a J.L. Becker Company ("Becker") a document captioned "Amended Answer to Complaint, Affirmative Defenses and Counter-Complaint."[1]  Because that pleading is unsatisfactory in a number of respects, Becker's counsel must return to the drawing board to file a proper response.

    To begin with, counsel has simply ignored the requirement imposed by this District Court's LR 10.1.  That being so, this Court will not trouble itself to engage in the painstaking and time-consuming task of placing the Complaint alongside Becker's response to engage in a paragraph-by-paragraph analysis, a task

---

[1] For some reason this Court's chambers file does not contain Becker's original responsive pleading, though the minute clerk's look at the docket reflects that response to have been filed contemporaneously with Becker's ill-conceived Motion for Change of Venue (a motion that this Court promptly dispatched by a July 29, 2008 oral ruling).  If this Court had seen that original responsive pleading, this memorandum order would doubtless have been issued (and the matters referred to here would have been cured) long since--but that is of no moment, in the best tradition of "better late than never."

that LR 10.1 was obviously promulgated to obviate. What follows instead is a brief mention of some deficiencies that (at least figuratively) jump off the page to catch the reader's attention.

Answer ¶2 exemplifies a flock of other paragraphs in the Answer that violate the clear dictates of Fed. R. Civ. P. ("Rule") 8(b)(5) as the predicate for obtaining the benefit of a deemed denial--in that regard, see App. ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001).[2] And while counsel is at it, the addition of the phrase "and leaves Plaintiff to its proofs" adds nothing and should be eliminated wherever it appears.

Next, any response that begins "Defendant states only that..." (Answer ¶13 and elsewhere) may or may not satisfy the demand of Rule 8(b)(1). It is not this Court's responsibility, as stated earlier, to parse the present pleading in that respect. When Becker's counsel go back to file a replacement pleading, they should give careful attention to full compliance with that Rule.

Next, any assertion that the terms of a written document "speak for themselves" (Answer ¶19 and elsewhere) does not

---

[2] This Court's website--a resource that every counsel ought to consult upon learning the judge to whom one of his or her cases is assigned--not only refers expressly to the State Farm Appendix but goes on to say:

> Every defense counsel is ordered to review State Farm BEFORE filing any responsive pleading.

2

conform to the mandate of Rule 8(b)(1) and the balance of Rule 8(b). In that respect, see also App. ¶3 to State Farm.

Next, conclusions of law are a perfectly permissible part of federal pleading (see App. ¶2 to State Farm), so that a statement that no response is required (Answer ¶81 and elsewhere) is just wrong. Because as already stated this Court is not doing counsel's job of paragraph-by-paragraph analysis, there may be a legitimate basis for some noncompliance with Rule 8(b)(1)'s mandate, but counsel should certainly be careful in crafting the new response.

Finally as to the responsive pleading, several of the affirmative defenses ("ADs") require a fresh look:

1. AD 1 is framed as a Rule 12(b)(6) contention, which cannot be permitted to sit there unresolved. If Becker wishes to challenge one or more aspects of the Complaint as legally insufficient, that must be done promptly by a motion asserting such deficiencies (together with supporting authority), failing which any such contention is forfeited.

2. ADs 3, 5 and 7 need fleshing out, rather than being limited to bare assertions. If Becker wishes to advance any of those claimed deficiencies, that too must be done by motion setting out the basis for the claim, and including relevant citations in support of ADs 3 and 5.

3. AD 8 is needless and should be omitted. If indeed

further ADs become known in the future, Becker will have to bring them on by motion.

As to Becker's Counter-Complaint, its Paragraphs 3, 16 and 19 inexplicably refer to an amount in controversy in excess of $25,000 rather than $75,000.  In addition, if Illinois law applies, the Count II claim of unjust enrichment cannot coexist with a breach of contract claim.

Because of the all-pervasive nature of the deficiencies identified here, the entire current pleading is stricken, but with leave granted of course to file a self-contained proper replacement on or before November 21, 2008.  No charge is to be made to Becker by its counsel for the added work and expense incurred in correcting counsel's errors.  Becker's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date:  November 6, 2008