IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TEMPCO ELECTRIC HEATER CORPORATION,  )
                                                         )
    Plaintiff/Counterdefendant,  )
                                                     )
    v.                                          )      No.  08 C 2870
                                                     )
J.L. BECKER CO., INC., etc.,      )
                                                   )
    Defendant/Counterplaintiff.  )

<u>MEMORANDUM ORDER</u>

    J.L. Becker Co., Inc. ("Becker") filed--on the same day!--both an Amended Answer and a Second Amended Answer to the Complaint brought against it by Tempco Electric Heater Corporation ("Tempco"). Because the Second Amended Answer ("SAA") made only a modest change in the earlier version, which was of course superseded by the later filing, this memorandum order speaks only to a few problematic aspects of the SAA.

    To begin, the SAA contains a large number of disclaimers that are entirely suitable under Fed. R. Civ. P. ("Rule") 8(b)(5) as the predicate for obtaining the benefit of a deemed denial. But the bulk of those disclaimers (Answer ¶¶2, 7-11, 14-18, 28, 35, 51, 53, 54, 62-64 and 80) then conclude impermissibly by stating "and, therefore, the allegations are denied."

    That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)? Accordingly the quoted

phrase is stricken from each of those paragraphs of the SAA.

Although Tempco may discern other difficulties with the SAA or the Counter-Complaint that follows it, the only other problematic aspects of Becker's pleading that this Court wishes to front relate to the affirmative defenses ("ADs") sandwiched between the SAA and the Counter-Complaint. In that respect, Rule 8(c) and its caselaw teach that the allegations of a complaint must be accepted as true for AD purposes--see also App. ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Here AD 2 directly contradicts the allegations in Complaint ¶¶67 and 68, so that the AD must be stricken. Becker's counsel should also take a hard look at ADs 3 and 4 to see whether either or both of those is at odds with what Tempco has said in the Complaint.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 3, 2008